# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRAD SHAFFER, | Case No. 1:21-cv-556 |
| Plaintiff, | COMPLAINT |
| against | |
| MAJOR HOSPITAL FOUNDATION, INC.; and, DOES 1-10, | |
| Defendant. | |

Plaintiff BRAD SHAFFER, by and through his attorneys, CHAPMAN LAW LLC, and NYE, STIRLING, HALE & MILLER, LLP, and for his Complaint in this matter against Defendant MAJOR HOSPITAL FOUNDATION, INC., and DOES 1-10, states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Brad Shaffer ("Plaintiff") has a mobility disability stemming from injuries and complications from spastic paraplegia. Because of his disability, Plaintiff utilizes a wheelchair for mobility purposes. Plaintiff is limited in the major life activity of walking.

2. Defendant Major Hospital Foundation, Inc., and Does 1 through 10 ("Defendant") discriminated against Plaintiff by violating the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504"), resulting in significant access barriers at Defendant's facilities. Specifically, Plaintiff experienced difficulty and risk of harm when confronted with inaccessible parking facilities, no accessible weight scales, and no accessible transfer equipment at Defendant's medical facilities, making it difficult, if not impossible, for Plaintiff to access his medical care with Defendant. These violations exist due to a systemic failure to maintain accessibility features at Defendant's facilities identified in this Complaint.

3. Plaintiff brings this action individually to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure Plaintiff full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's healthcare services. Plaintiff seeks declaratory, injunctive, and equitable relief, compensatory damages, and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the ADA, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act.

4. Plaintiff visited Defendant's facilities in Indiana and was denied full and equal access as a result of Defendant's improper policy for persons with disabilities. Defendant denied Plaintiff equal access to its facilities because its facilities did not provide appropriate wheelchair access as required by the ADA and the Rehabilitation Act.

5. By failing to make its medical center accessible to mobility-impaired persons, Defendant, a public accommodation subject to Title III of the ADA, deprives disabled persons of the full benefits of Defendant's healthcare services—all benefits it affords nondisabled individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III of the ADA is meant to redress.

6. Defendant has demonstrated through its interactions with Plaintiff that it has adopted a policy and/or pattern and practice of refusing to provide accessible healthcare to disabled individuals, and that its policy, on information and belief, is based purely on financial considerations, and resulted in the violation of Plaintiff's civil rights.

7. Defendant has further demonstrated through its interactions with Plaintiff that Defendant's employees are not properly trained regarding civil rights, mobility accommodations, privacy considerations, or how to interact with mobility-impaired individuals.

8. Defendant's discrimination sends a message that it is acceptable for medical providers to adopt policies, procedures, and practices that deprive mobility-impaired individuals of the opportunity to be full partners in their receipt of healthcare services.

9. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods.
> 42 U.S.C. § 12188(a)(2).

10. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a. Defendant take all steps necessary to bring its accessibility policies into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that disabled persons have access to healthcare;

b. Defendant change its policies and practices so that the accessibility barriers at Defendant's facilities do not reoccur; and

c. Plaintiff's representatives monitor Defendant's facilities to ensure the injunctive relief ordered pursuant to Paragraph 10.a. and 10.b. has been implemented and will remain in place.

## PARTIES

11. Plaintiff Brad Shaffer is, and at all times relevant hereto was, a resident of Waldron, Indiana. Plaintiff has been in a wheelchair for five years due to injuries and complications from spastic paraplegia.

12. Plaintiff is a Medicare recipient, and his treatment at Defendant's facilities was, at least partially, paid for through Medicare.

13. Defendant Major Hospital Foundation, Inc., is an Indiana corporation organized and existing under the laws of Indiana with its headquarters at 2451 Intelliplex Drive, Shelbyville, Indiana, 46176.

14. Plaintiff has treated at Defendant's facilities, Shelbyville Hospital, located at 2451 Intelliplex Drive, Shelbyville, Indiana, 46176.

15. Defendant's facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and Defendant is thus subject to the requirements of the ADA and the Rehabilitation Act.

16. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 10, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when known. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

17. Plaintiff alleges that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint, were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## FACTUAL BACKGROUND

**Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities**

18. Plaintiff visited Defendant's hospital located at 2451 Intelliplex Drive, Shelbyville, Indiana, 46176 on March 19, 2019.

19. Plaintiff utilizes a wheelchair for mobility. During his visit to Defendant's facilities to receive medical treatment, Plaintiff encountered numerous accessibility barriers that made it difficult, if not impossible, to access his medical care. Those barriers include, but are not limited to:

- The parking facilities were inaccessible due to an insufficient number of accessible parking spots. When presenting to the center, there were no available disabled

spots, partly due to the failure of the staff to monitor the parking lot and prevent people that are not eligible to park in the spots from parking there.

- Plaintiff was not offered accessible lifts for transfer. This forced Plaintiff to transfer himself, or transfer with the help of third parties, resulting in significant inconvenience and distress.

- Similarly, Plaintiff was not offered an overhead track lift to help with transfer in his treatment room.

- Plaintiff was also not offered use of wheelchair accessible weight scales. Plaintiff has not seen, and has not been offered, accessible weight scales at Defendant's facilities. As such, the doctor must guess his weight based upon past visits or medical records. This is especially dangerous when prescribing medicine dependent on weight.

20. As a result of Defendant's failure to ensure mobility accommodations for Plaintiff, and denial of access and services, Plaintiff received services that were objectively substandard, inaccessible, and inferior to those provided to ambulatory patients, and was subjected to discriminatory treatment because of his disability.

21. Despite this difficulty, frustration, and unequal treatment, Plaintiff will seek Defendant's healthcare services in the future, because of the limited amount of healthcare options, the proximity of Defendant's facilities to his home, and his insurance coverage. Specifically, Plaintiff anticipates the need to return to Defendant's facilities to receive additional medical care, but is deterred from doing so due to the discrimination he has faced and expect to face in the future. Furthermore, Plaintiff intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of accessibility standards.

**JURISDICTION AND VENUE**

22. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

23. This Court has personal jurisdiction over Defendant because Defendant maintains its headquarters in Indiana, has sufficient minimum contacts with Indiana, or has otherwise purposely availed itself of the markets in Indiana through the promotion, marketing, and sale of its services in order to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Specifically, Defendant is registered to do business in Indiana and has been doing business in Indiana.

24. Venue is proper under 28 U.S.C. § 1391(a) and (b)(2) because Defendant is subject to personal jurisdiction in this District. Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

25. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

26. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, et seq. was in full force and effect and applied to Defendant's conduct.

27. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to Defendant's conduct.

28. At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of walking. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

29. Defendant owns, leases, and/or operates a comprehensive system for healthcare services, including numerous primary care, urgent care, and specialty services, that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

30. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

31. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

32. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

33. Defendant discriminated against Plaintiff on the basis of his disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or

accommodations of its places of public accommodation, and equal opportunity to participate in and benefit from Defendant's healthcare services, in violation of the ADA.

34. As set out above, absent injunctive relief, there is a clear risk that Defendant's actions will recur with Plaintiff and/or other mobility-impaired persons seeking Defendant's healthcare services.

35. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## SECOND CAUSE OF ACTION

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

36. Plaintiff incorporates the allegations in the preceding paragraphs, as if alleged herein.

37. Plaintiff is an individual with a disability protected by Section 504 of the Rehabilitation Act and qualified to receive healthcare services through Medicare. See 29 U.S.C. § 794(a); 45 C.F.R. § 84.3(j).

38. Defendant is a recipient of federal financial assistance from the Department of Health and Human Services and is subject to Section 504 of the Rehabilitation Act and its implementing regulations. See 29 U.S.C. § 794; 45 C.F.R. § 84.3(h).

39. Section 504 of the Rehabilitation Act provides that no qualified individual with a disability shall be subjected to disability-based discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

40. Discrimination includes failing to "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," or providing qualified handicapped persons with "an aid, benefit, or service that

is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)-(iii); see 45 C.F.R. § 84.52(a)(2)-(3).

41. Section 504 requires health programs or activities that receive federal financial assistance and that have at least fifteen employees to provide auxiliary aids and services, to individuals who are mobility-disabled and use wheelchairs. 45 C.F.R. § 84.52(b), (d).

42. A recipient may not directly, or through contractual, licensing, or other arrangements, discriminate on the basis of disability. 45 C.F.R. § 84.4(b)(1).

43. Defendant's provision of healthcare services constitutes a program or activity receiving federal financial assistance and, as a recipient, it is required to ensure that both Defendant and its contractors comply with Section 504 of the Rehabilitation Act.

44. Defendant has failed and is failing to meet its obligation to provide Plaintiff and other mobility-impaired individuals an equal opportunity to use and benefit from its healthcare programs. In failing to provide wheelchair patients like Plaintiff with accessibility, Defendant has refused to provide the auxiliary aids and services necessary to provide such patients medical treatment in an equally effective and timely manner that protects their privacy and independence.

45. Examples of Defendant's inaccessible facilities for Plaintiff and other mobility-impaired individuals are listed in paragraph 19 above.

46. Because Plaintiff and other mobility-impaired individuals cannot independently access the medical facility, they must either find and rely on third party assistance, which intrudes upon the privacy of their personal medical and financial information, or forego accessing their critical healthcare altogether. Defendant's failure to provide equally effective accommodations to Plaintiff and other mobility-impaired patients puts their health at risk. This is especially

pronounced in the failure to have accessible parking, transfer assistance, or staff equipped to help Plaintiff maneuver and transfer.

47. As a result of Defendant's actions and omissions, Plaintiff and other mobility-impaired individuals have suffered and will continue to suffer irreparable harm in the form of discrimination and unequal access to Defendant's healthcare services. If there is no change in the status quo, Plaintiff and other mobility-impaired individuals will be denied their right to access and engage fully in the provision of their healthcare.

48. Defendant's failure to meet its obligations to accommodate mobility-impaired patients in an effective manner constitutes an ongoing and continuous violation of the ADA and the Rehabilitation Act, and their implementing regulations. Unless restrained from doing so, Defendant will continue to violate the ADA and the Rehabilitation Act, and, unless enjoined, Defendant's conduct will continue to inflict injuries for which Plaintiff has no adequate remedy.

49. Defendant's refusal to accommodate Plaintiff and other mobility-impaired patients in an equally effective manner, through the provision of alternative formats, was done intentionally or with deliberate indifference to the protected rights of Plaintiff and other mobility-impaired individuals.

50. Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs. Plaintiff is also entitled to compensatory damages as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Accepting jurisdiction of this case and declaring Defendant's policies, procedures, and services are discriminatory and violate the ADA and the Rehabilitation Act;

B. Requiring Defendant to alter the identified medical facility locations, to make them

accessible to and usable by, individuals with disabilities to the extent required by the ADA and the Rehabilitation Act;

C. Directing Defendant to evaluate its policies, practices, and procedures toward persons with disabilities, for such reasonable time as to allow Defendant to undertake and complete corrective procedures at the medical facilities identified above;

D. Mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices, and procedures, remove all architectural barriers at the identified medical facility locations that are readily achievable and technically feasible as required by law, and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, or otherwise treated differently and discriminated against;

E. Awarding reasonable attorneys' fees, expert fees, costs, and expenses to Plaintiff;

F. Awarding compensatory damages for the intentional discrimination, humiliation, distress, and anxiety suffered by Plaintiff, pursuant to Section 504 of the Rehabilitation Act.

G. Awarding such other and further relief as the Court deems necessary, just, and proper; and,

H. Retaining jurisdiction of this case until the Defendant has fully complied with the orders of this Court.

Dated: March 9, 2021　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Noah C. Thomas
　　　　　　　　　　　　　　　　　　　　Noah C. Thomas
　　　　　　　　　　　　　　　　　　　　**CHAPMAN LAW LLC**
　　　　　　　　　　　　　　　　　　　　20 NW 3rd Street, Suite 1410
　　　　　　　　　　　　　　　　　　　　Evansville, IN 47708
　　　　　　　　　　　　　　　　　　　　Phone: (812) 426-0600
　　　　　　　　　　　　　　　　　　　　noah@chapmanlaw.com

Benjamin J. Sweet
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: (412) 742-0631

Jonathan D. Miller
jonathan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345

*Attorneys for Plaintiff Brad Shaffer*