UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRAD SHAFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00556-TWP-DLP |
| | ) |
| DOES 1-10, and MAJOR HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT MAJOR HOSPITAL'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss (Filing No. 37) filed by Defendant Major Hospital. Plaintiff Brad Shaffer ("Shaffer") filed an Amended Complaint (Filing No. 21) alleging that Major Hospital violated Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Major Hospital moves to dismiss Shaffer's claims arguing that the Court lacks subject matter jurisdiction. For the following reasons, the Motion is **denied**.

**I.   BACKGROUND**

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of the Shaffer as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Major Hospital is located in Shelbyville, Indiana. (Filing No. 21 at 4.) Shaffer, who has been in a wheelchair for five years due to injuries and complications from spastic paraplegia, visited Major Hospital to receive medical treatment on March 19, 2019. *Id.* at 4, 5. During Shaffer's visit, he reports that he encountered numerous barriers that made it difficult to access medical care. *Id.* These barriers included parking with an insufficient number of accessible parking spots; not being offered accessible lifts for transfer, forcing Shaffer to transfer himself or

utilize the assistance of third parties; not being offered an overhead track to help with transfer in his treatment room; and not being offered use of a wheelchair accessible weight scale. *Id.* at 5-6. Shaffer alleges that these barriers forced him to receive services that were objectively substandard, inaccessible, and inferior to those provided to other patients. *Id.* at 6. Shaffer also alleges that due to the limited amount of healthcare options available to him, he will seek future services from Major Hospital's facilities. *Id.*

Shaffer originally filed his Complaint against Major Hospital on March 9, 2021. ([Filing No. 1](#).) Shaffer later filed an Amended Complaint on June 7, 2021, against Major Hospital and ten unnamed Defendants alleging violations of Title III of the ADA and Section 504 of the Rehabilitation Act. ([Filing No. 21](#).) Major Hospital filed it Motion to Dismiss on August 12, 2021, ([Filing No. 37](#)), asking the Court to dismiss the Amended Complaint for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual

allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

### III. DISCUSSION

Major Hospital asks the Court to dismiss this action for lack of subject matter jurisdiction, alleging that it fulfilled its duties to provide equal access and treatment under both the ADA and Rehabilitation Act. (Filing No. 38 at 3.) Specifically, Major Hospital argues that Shaffer's claims are moot because Major Hospital offers adequate facilities without barriers to access in compliance with both the ADA and Rehabilitation Act. *Id.* at 3–4. These include accessible parking, transfer equipment, weight scales, and policies for employee interactions with disabled patients. *Id.* at 4–7. Major Hospital, supporting its arguments through affidavits, contends that because Shaffer's claims are untrue, there are no longer any "live" issues to be decided by the Court. *Id.* at 7.

In response, Shaffer argues that his claims are not moot as Major Hospital ignores the scope of relief he seeks and disregards the harm he encountered (Filing No. 44 at 8). Shaffer contends that the supporting affidavits fail to provide evidence that the "handicapped accessible" parking spaces comply with ADA requirements, or that the individual offering the affidavit has the expertise to make the assertion. *Id.* at 9. Additionally, Shaffer asserts that any claim regarding the number of accessible parking spaces does not relieve Major Hospital of the requirement "to ensure these spaces are actually accessible to the disabled and [not] allow others . . . to park in this area." *Id.* at 10. Shaffer also argues that the additional affidavits offered about the accessible equipment likewise fail given that they do not provide evidence that the equipment was in full

3

working order during his visit, that the equipment was made available to patients, and that staff were trained in the proper use of the equipment. *Id.*

The Court agrees with Shaffer. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotations and citations omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). But when a party still has a definitive interest, however small, the outcome of the litigation is not moot. *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984).

At the motion to dismiss stage, the Court must accept as true all well-pleaded facts in Shaffer's Amended Complaint and draw all reasonable inferences in his favor. *See Ezekiel* 66 F.3d at 897. While the affidavits provided by Major Hospital do provide additional information for the Court to consider, they do not provide enough factual information for the Court to determine whether Shaffer has absolutely no definitive interest remaining in his claims. And the cases cited by Major Hospital fail to provide much support for its position as they primarily deal with deciding motions for summary judgment, which requires a different reviewing standard by the Court. In fact, the single case that discusses reviewing claims under Rule 12(b)(1) denied that portion of the defendant's motion, finding that at least some part of the plaintiff's claims were not moot. *See Thomas v. Ariel West*, 242 F. Supp. 3d 293, 297–98 (S.D.N.Y. 2017). Given the current stage of the litigation and the required reviewing standard, Major Hospital's Motion is **denied.**

## IV.     CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Major Hospital's Motion to Dismiss ([Filing No. 37](#)).  Shaffer may continue to pursue his claims under both the ADA and the Rehabilitation Act.

**SO ORDERED.**

Date:     3/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Cynthia A. Bedrick
MCNEELY LAW LLP
CBedrick@McNeelyLaw.com

Jody M. Butts
MCNEELY LAW LLP
JButts@McNeelyLaw.com

Jason Donald Clark
MCNEELY LAW LLP
JClark@McNeelyLaw.com

Scott Aaron Milkey
MCNEELYLAW LLP
SMilkey@McNeelyLaw.com

Jennifer M. Miller
NYE STIRLING HALE & MILLER, LLP
jennifer@nshmlaw.com

Jonathan D. Miller
NYE STIRLING HALE & MILLER LLP
jonathan@nshmlaw.com

Noah Cartwright Thomas
CHAPMAN LAW LLC
noah@chapmanlaw.com